*State v. Evans*, 127 N.H. 501, 507, 506 A.2d 695, 699 (1985).

*Affirmed.*

## State of Vermont v. Roger Parker

[583 A.2d 98]

No. 88-328

Present: Allen, C.J., Peck, Gibson and Dooley, JJ.

Opinion Filed October 19 , 1990

*William Sorrell*, Chittenden County State's Attorney, Burlington, and *Robert Katims*, Law Clerk (On the Brief), Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Kurt M. Hughes* and *Pamela Hall*, Law Clerk (On the Brief), of *Wool & Murdoch*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2), claiming that the court erred by failing to suppress statements he made to a police officer after his arrest. We reverse the judgment and remand the case for a new hearing without admission of the inculpatory statements.

Defendant was stopped for driving through a red light and, based on the officer's observations, was taken to the police station for DUI processing. The officer gave defendant *Miranda* warnings at the station, reading verbatim from the standard processing form,[1] which was admitted into evidence. Defendant was advised, and affirmed his understanding, that he had the right to talk to a lawyer for advice and to have a lawyer with him during questioning. Defendant then answered "Yes" to the question "Do you want a lawyer?" It is not clear from the form whether this question refers to a lawyer for advice only or to have one present at questioning.

When defendant was unable to find the listing for his attorney in the telephone book he had been given, the officer found the number for him, dialed it, and then left the room. After defendant had completed his conversation with his attorney, the officer came back into the room and asked him, "With all these rights in mind, are you willing to talk to me now?" Defendant answered "Yes." The officer then asked a series of questions that led to inculpatory statements by defendant.

The trial court denied defendant's motion to suppress the officer's testimony about any statements defendant made after he had asked for an attorney, and defendant was convicted as charged. Following the court's denial of his motion for a new trial, defendant appealed the verdict. The sole issue on appeal is whether the court erred in refusing to suppress the statements. Defendant argues that denial of his motion to suppress consti-

---

[1] The standard DUI processing form reads as follows:

—You have the right to remain silent. Do you understand? __ Yes __ No

—Anything you say can be used against you in court. Do you understand? __Yes __No

—You have the right to talk to a lawyer for advice and to have a lawyer with you during the questioning. Do you understand? __ Yes __ No

—If you cannot afford a lawyer and want one, you can contact a Public Defender or one will be contacted for you before questioning, at the State's expense. Do you understand? __ Yes __ No

—You may refuse to answer any questions asked of you at any time. Do you understand? __Yes __No

—Do you want a lawyer? __Yes __No

—If yes, name of lawyer _____ Time contacted _____

—With all of these rights in mind, are you willing to talk to me now? __Yes __No

tuted reversible error because, under *State v. Trombley*, 147 Vt. 371, 518 A.2d 20 (1986), once an accused has invoked his right to have counsel present during custodial interrogation, a waiver of that right cannot be established merely by showing that the accused responded to police-initiated questioning. We agree that *Trombley* is dispositive, and that defendant's statements following his phone call must be suppressed.

*Trombley* is very similar to the instant case. There, the defendant, who had been stopped for suspicion of DUI, responded to *Miranda* warnings by indicating that he wished to consult with an attorney. Following the defendant's telephone conversation with the public defender, the officers asked him, "What were you advised?" The defendant answered that he had been advised to take the breath test but not to answer any questions.[2] The officers then reread the *Miranda* warnings from a standard form almost identical to the one used in the instant case. Again, the defendant answered "Yes" to the question, "Do you want a lawyer?" Nevertheless, based on the defendant's affirmative response to the last question on the form—"With these rights in mind, are you willing to talk to me now?"—the officer asked him a series of questions that elicited inculpatory statements. The trial court denied a motion to suppress the statements.

On appeal, the Court relied on "the per se rule," *id.* at 371, 518 A.2d at 21, announced in *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981), where the United States Supreme Court held as follows:

> [A]lthough we have held that after initially being advised of his *Miranda* rights, the accused may himself validly waive his rights and respond to interrogation, the Court has strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold

---

[2] Despite the public defender's advice, the defendant did talk to police upon further police-initiated questioning, but refused to take a breath test.

that an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Miranda* itself indicated that the assertion of the right to counsel was a significant event and that once exercised by the accused, "the interrogation must cease until an attorney is present."

(Citations omitted.) The *Trombley* Court concluded that the defendant had twice invoked his right to deal with the police only through counsel, and that, under *Edwards*, all interrogation should have ceased upon each invocation. *Trombley*, 147 Vt. at 375, 518 A.2d at 23. According to the Court, by answering "yes" to the question "Do you want a lawyer?," the defendant invoked his right to have a lawyer present during any further questioning. *Id.* Further, the fact that the defendant then agreed to answer questions initiated by the officers was "of no consequence in determining whether [he] actually invoked his right to counsel," since the "inquiry necessary to determine if the defendant invoked his right to counsel, thereby terminating the officer's legal ability to question him, must focus only upon the circumstances leading up to the request for counsel." *Id.* at 375, 518 A.2d at 23–24. Because the inculpatory statements resulted from police-initiated questions after the defendant had indicated that he wanted a lawyer, there was no valid waiver and the statements had to be suppressed. *Id.* at 376, 518 A.2d at 24.

In the instant case, defendant also asked for counsel. From that point on, regardless of what advice his attorney might later have given him over the phone, there could be no further police-initiated questioning without the presence of his attorney. If defendant had wished to waive his right to have an attorney present during questioning, he need only have indicated the same to the authorities, but it had to have been on his own initiative without police prompting. Although it is true that an affirmative answer to the question "Do you want a lawyer?" could be seen either as a desire to speak with a lawyer before proceeding further or as a desire not to proceed without the pres-

ence of counsel, we decline to apply this ambiguity against a defendant where his constitutional rights are at stake. See *Miranda v. Arizona*, 384 U.S. 436, 475 (1966) (government has heavy burden to prove waiver of constitutional rights).

*Reversed and remanded.*